UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SANDFORD, <br><br> Plaintiff, <br><br> v. <br><br> SACRAMENTO POLICE DEPT., et al., <br><br> Defendants. | Case No. 2:25-cv-00106-DJC-CSK PS <br><br> FINDINGS AND RECOMMENDATIONS <br><br> (ECF Nos. 1, 2) |

Plaintiff James Sandford is representing himself in this action and seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) For the reasons that follow, the Court recommends Plaintiff's IFP application be denied, and the Complaint be dismissed without leave to amend.

I. **MOTION TO PROCEED IN FORMA PAUPERIS**

28 U.S.C. § 1915(a) provides that the court may authorize the commencement, prosecution or defense of any suit without prepayment of fees or security "by a person who submits an affidavit stating the person is "unable to pay such fees or give security therefor." This affidavit is to include, among other things, a statement of all assets the person possesses. *Id*. The IFP statute does not itself define what constitutes insufficient

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In *Escobedo*, the Ninth Circuit stated that an affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay court costs and still afford the necessities of life. *Id*. "One need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Id*. Nonetheless, a party seeking IFP status must allege poverty "with some particularity, definiteness and certainty." *Id*. According to the United States Department of Health and Human Services, the current poverty guideline for a household of one (not residing in Alaska or Hawaii) is $15,060.00 and $21,150 for a household of two. *See* U.S. Dpt. Health & Human Service (available at https://aspe.hhs.gov/poverty-guidelines).

      Here, Plaintiff's IFP application appears incomplete. Plaintiff's IFP shows that his "gross pay or wages are" $1,900 but does not indicate how often he receives this amount. *See* ECF No. 2. Assuming this is $1,900 per month, this totals $22,800 a year. Plaintiff also lists one dependent. *Id.* Plaintiff has likely made the required showing under 28 U.S.C. § 1915(a). *See id.* However, the Court will recommend Plaintiff's IFP application be denied because the action is without merit because it is barred by the statute of limitations and fails to state a claim. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat. Bank & Tr.*, 821 F.2d 1368, 1370 (9th Cir. 1987)); *see also McGee v. Dep't of Child Support Servs.*, 584 Fed. App'x 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis."). Because it appears from the face of the Complaint that this action is without merit as discussed in more detail below, the Court

recommends denying Plaintiff's IFP motion.

## II. SCREENING REQUIREMENT

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post-Iqbal). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

### III. THE COMPLAINT

Plaintiff filed his Complaint against the Sacramento Police Department, Police Officer Brandon Mullock, and the City of Sacramento. Compl. at 1 (ECF No. 1). Plaintiff's allegations appear to be specifically against Defendant Mullock only. Plaintiff alleges that in March 2009, Defendant Mullock submitted a police report that contained false information. *Id.* Plaintiff brings a claim for unlawful search and seizure under the Fourth Amendment because he was allegedly subjected to a full strip search while in custody. *Id.* Plaintiff also brings a claim for "denial of a fair trial" under the Sixth Amendment. *Id.* Plaintiff further brings a claim for "excessive bail and punishment" under the Eighth Amendment because he was subjected to excessive bail and forced to complete mandatory drug classes. *Id.* Plaintiff alleges he continues to face ongoing fines. *Id.* Finally, Plaintiff brings a claim for violation of "due process and equal protection" under the Fourteenth Amendment, alleging he was treated unfairly which resulted in wrongful incarceration. *Id.* at 2. "As a result" of the alleged violations, Plaintiff alleges that he spent two nights in jail and nine months wearing an ankle bracelet, and suffered various monetary and other consequences.[2] *Id.* Plaintiff also alleges "[n]egligence by Terra Nova[3] and the DMV," but does not describe any facts related to these entities. *Id.* Plaintiff has attached a letter from the Office of the District Attorney in Sacramento County dated August 30, 2010, describing how Defendant Mullock made DUI arrests which he documented in written reports, but the written reports differed from the camera footage taken from the police car. *Id.* at 3. The August 2010 letter informed Plaintiff that

---

[2] The Complaint is confusing and appears to have various inconsistencies, including attaching the August 2010 letter stating that the underlying state court case against Plaintiff was dismissed, but then the Complaint alleges that "[a]s a result," Plaintiff had to complete DUI classes thirteen years later in November 2023. *Compare* Compl. at 3, *with id.* at 2.

[3] The Court notes that Plaintiff filed a previous case against "Terranova Law Group." *See Sandford v. Terranova*, 2025 WL 417715 (E.D. Cal. Feb. 6, 2025), findings and recommendations adopted by 2025 WL 1248734 (E.D. Cal. Apr. 30, 2025). The prior case was dismissed without leave to amend. It is unclear whether the minimal allegations against "Terra Nova" in this case are similar or related to the allegations against "Terranova Law Group" in the prior case.

the case against him was being dismissed. *Id.*

The Court notes that Plaintiff has filed three other cases in this district court: *Sandford v. Terranova*, No. 2:24-cv-03343-DAD-CKD PS, 2025 WL 417715, at *2 (E.D. Cal. Feb. 6, 2025), findings and recommendations adopted by 2025 WL 1248734 (Apr. 30, 2025) ("*Sandford I*") (dismissing without leave to amend claims alleging intentional infliction of emotional distress "caused by Terranova, a court-ordered program, and their insurer," and noting that plaintiff appeared to have an ongoing state court proceeding also against Terranova); *Sandford v. Sacramento PD*, No. 2:25-cv-0434-DC-JDP PS, 2025 WL 587050, at *1-2 (E.D. Cal. Feb 24, 2025), findings and recommendations adopted by 2025 WL 1040816 (Apr. 8, 2025) ("*Sandford II*") (dismissing without leave to amend claims alleging defendants negligently managed plaintiff's daughter's assault case by taking no action after plaintiff filed a report, sent the police a video of the assault, and called and visited the police department); and *Sandford v. Terranova*, No. 2:25-cv-00808-DC-CSK PS (E.D. Cal.) (pending action alleging negligence and misconduct against multiple judges for actions taken in prior cases, and alleging that a law group's actions harmed plaintiff's prior case) ("*Sandford IV*"). The Court refers to this instant action as "*Sandford III*."

## IV.  DISCUSSION

### A.  Statute of Limitations for 42 U.S.C. § 1983 Claims

Section 1943 does not contain a specific statute of limitations, so federal courts apply the forum state's statute of limitations for personal injury actions. *Butler v. Nat. Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014); *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). Under California law, the statute of limitations for personal injury actions requires that a claim be asserted within two years of its accrual. *Butler*, 766 F.3d at 1198 (citing Cal. Code Civ. Proc. § 335.1); *Callins v. Mason*, 2022 WL 1720951, at *2 (E.D. Cal. May 27, 2022). Determined by federal law, a § 1983 action accrues when the defendant's alleged wrongful act or omission causes damages. *Watkins v. Singh*, 2014 WL 2930536, at *1 (E.D. Cal. June 27, 2014) (citing *Wallace v. Kato*, 549

5

U.S. 384, 388 (2007)). A claim accrues when plaintiff knows or has reason to know of the injury. *Id.*

The statute of limitations can be suspended by equitable tolling. *See Jones*, 393 F.3d at 928. State law governs equitable tolling except to the extent the law is inconsistent with federal law. *See Butler*, 766 F.3d at 1198. Under California law, equitable tolling suspends or extends a statute of limitations when an injured person has several potential legal remedies and pursues one reasonably and in good faith. *Honchariw v. Cnty. of Stanislaus*, 530 F. Supp. 3d 939, 949-50 (E.D. Cal. Mar. 31, 2021) (citing *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal.4th 88, 99-100 (2008)). To determine whether equitable tolling may extend a statute of limitations, courts look at whether plaintiff has provided timely notice to the defendant, whether there is lack of prejudice to defendant, and whether plaintiff had acted reasonably and in good faith. *Id.* at 950. Failure to comply with the applicable statute of limitations may be grounds for dismissal at the screening stage if it is apparent from the face of the complaint that the plaintiff cannot "prevail, as a matter of law, on the equitable tolling issue." *Callins*, 2022 WL 1720951, at *2 (citing *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993)).

Here, Plaintiff has brought his claim in federal court well after the two-year statute of limitations period for § 1983 claims. Plaintiff states that Defendant Mullock's alleged misconduct occurred in March 2009. Compl. at 1. The letter from the Sacramento District Attorney discussing Plaintiff's prior case where Defendant Mullock was the arresting officer is dated August 30, 2010. *Id.* at 3. Even construing the date of accrual as the date Plaintiff received notice that Defendant Mullock may have engaged in misconduct, August 30, 2010 is over fourteen years before Plaintiff filed this Complaint. Further, Plaintiff has not demonstrated that he is entitled to equitable tolling. Plaintiff has not alleged that he reasonably and in good faith attempted to pursue an alternative legal remedy. *See Honchariw*, 530 F. Supp. 3d at 949-50. Further, Plaintiff has not shown that he provided notice to Defendants about his claim or that Defendants would not be

prejudiced by Plaintiff bring his claim over fourteen years after the alleged incident. Accordingly, Plaintiff fails to state a claim against any of the Defendants.

### B.    Failure to Comply with Federal Rule of Civil Procedure 8

Plaintiff's Complaint also does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). Plaintiff states that Defendant Mullock of the Sacrament Police Department violated his constitutional rights in March 2009, and attached the August 2010 letter from the District Attorney. Compl. at 1, 3. However, Plaintiff does not allege any specific facts demonstrating how any of the three Defendants specifically violated his constitutional rights. He alleges no details about how or why he was wrongfully incarcerated or how he ended up in custody. *See id.* at 1-2. In one sentence, Plaintiff states that he endured "severe personal and financial hardships" from "negligence by Terra Nova and the DMV." *Id.* at 2. To the extent Plaintiff is attempting to allege a negligence claim against potential Defendants "Terra Nova" and the DMV, Plaintiff has not alleged any specific facts showing how either entity was negligent.

The Complaint is subject to dismissal. *See McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

### C.    Leave to Amend

In considering whether leave to amend should be granted, the Court considers that Plaintiff's Complaint is barred by the statute of limitations and does not comply with the requirements of Federal Rule of Civil Procedure 8. Based on these deficiencies, it appears granting leave to amend would be futile. The Complaint should therefore be dismissed without leave to amend. *See Lopez*, 203 F.3d at 1130-31; *Cato v. United*

*States*, 70 F.3d 1103, 1105-06 (9th Cir. 1995). As described above, the Court also notes that Plaintiff had two prior cases in this district court that were dismissed without leave to amend. *See Sandford I*, 2025 WL 417715; *Sandford II*, 2025 WL 587050.

## V. CONCLUSION

Based upon the findings above, it is RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED;

2. Plaintiff's Complaint (ECF No. 1) be DISMISSED without leave to amend; and

3. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  May 30, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

5, sand.0106.25